IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POUVOIR COMPANY, a Pennsylvania )
Professional Limited Liability )
Company d/b/a EYE CENTERS, )
      Plaintiff, )
       )
v. ) Civil Action No. 12-396
       )
WESTFIELD INSURANCE COMPANY, an )
Ohio Business Corporation, )
      Defendant. )

MEMORANDUM

Gary L. Lancaster,                                          May 9, 2012
Chief Judge.

      This is an action for declaratory judgment. Defendant removed the case on March 29, 2012, predicating jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff, Pouvoir Company, LLC, d/b/a Eye Centers ("Pouvoir"), seeks a determination that defendant, Westfield Insurance Co. ("Westfield") must insure it for losses caused by the alleged dishonesty of two of Pouvoir's former employees.

      For the reasons below, pursuant to our discretion under the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201, we decline to exercise jurisdiction over this action.

      The Declaratory Judgment Act does not mandate that federal district courts exercise discretion over every declaratory judgment action. The Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, <u>may</u> declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995); <u>State Auto Ins. Cos. V. Summy</u>, 234 F.3d 131, 133 (3d Cir. 2000). It is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." <u>Wilton</u>, 515 U.S. at 287 (internal quotation omitted); <u>Summy</u>, 234 F.3d at 136. This discretion is present even where the prerequisties for subject matter jurisdiction are satisfied.

However, the discretion of the district courts is not open-ended. The courts do not possess the absolute discretion to decline jurisdiction "when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." <u>Summy</u>, 234 F.3d at 134 (citing <u>United States v. Commonwealth of Pennsylvania, Dep't of Envtl Res.</u>, 923 F.2d 1071, 1076-79 (3d Cir. 1991)). However, none of these exceptions are present here; this is merely a case in which an

2

insurance company seeks a federal forum, under the auspices of diversity jurisdiction, to receive a declaration based entirely on state law.

The United States Court of Appeals for the Third Circuit has said that in such cases, insurance companies "ha[ve] no special call on the federal forum." Summy, 234 F.3d at 136. States have an interest in developing their own law that "must not be given short shrift simply because one party, or, indeed, both parties, perceive some advantage in the federal forum." Id. In areas where state law is already well established, there is even less reason for federal district courts to exercise jurisdiction, and district courts should do so only in rare cases. See id.

The only cause of action alleged in this case is derived from Pennsylvania contract law. It appears from the complaint that the central issue is whether Pennsylvania law would permit the plaintiff insured to recover for multiple acts of employee dishonesty that span multiple policy years. Simply put, no federal questions are present and no federal interest is implicated in this dispute. This weighs heavily against exercising jurisdiction.

Unlike Wilton and Summy, this case does not involve parallel actions pending in state court. However, the United States Supreme Court has never made the presence of parallel

state court proceedings a dispositive factor in whether to exercise jurisdiction. <u>Wilton</u>, 515 U.S. at 290. Further, a fair reading of <u>Summy</u> indicates that parallel state proceedings are not a prerequisite to declining to exercise jurisdiction, but merely one factor to be analyzed in making this determination. <u>See</u> <u>Summy</u>, 234 F.3d at 134-35.

The absence of parallel state court proceedings is far outweighed by the lack of a federal interest in this dispute, premised as it is entirely on state law. The courts of the Commonwealth of Pennsylvania are perfectly capable of resolving this dispute.

Finally, although a party's objection to our exercise of jurisdiction would be a factor supporting the decision to decline jurisdiction, it is also not a determinative one. The court is entitled, given that no federal interests are present, to decline jurisdiction in a declaratory judgment action <u>sua sponte</u>. <u>Id</u>. at 136.

For all of the reasons given above, we decline to exercise jurisdiction over this declaratory judgment action and will remand to the state court for further proceedings. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POUVOIR COMPANY, a Pennsylvania )
Professional Limited Liability )
Company d/b/a EYE CENTERS, )
    Plaintiff, )
)
v. ) Civil Action No. 12-396
)
WESTFIELD INSURANCE COMPANY, an )
Ohio Business Corporation, )
    Defendant. )

ORDER

AND NOW, this 9th day of May, 2012, IT IS HEREBY ORDERED that Pouvoir Company's declaratory judgment action is remanded to the Court of Common Pleas of Fayette County, Pennsylvania.

The Clerk of Courts is directed to return the record in this case to the state court and mark this case CLOSED.

BY THE COURT,

_____ C.J.

cc: All Counsel of Record